## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ANTONIO HERNANDEZ, individually,** | § | |
| **and on behalf of all others similarly** | § | |
| **situated under 29 U.S.C. § 216(b),** | § | |
| | § | |
| Plaintiff**,** | § | Civil Action No. **3:11-CV-01268-L** |
| | § | |
| v. | § | |
| | § | |
| **JOHN B. HOMESLEY d/b/a Homesley's** | § | |
| **Nursey and Landscape Co.,** | § | |
| | § | |
| Defendant**.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Partial Summary Judgment, filed on September 17, 2012.  After careful consideration of the motion, briefing, appendices, evidence, record, and applicable law, the court, for the reasons stated herein, **grants** Defendant's Motion for Partial Summary Judgment.

### I.      Factual and Procedural Background

Antonio Hernandez ("Hernandez" or "Plaintiff") filed his Original Complaint in this court on June 13, 2011.  Hernandez brings a cause of action against his former employer John B. Homesley d/b/a Homesley's Nursery and Landscape Co. ("Homesley" or "Defendant") for willful violation of the Fair Labor Standards Act ("FLSA" or "the Act").  Specifically, Hernandez seeks damages for unpaid overtime wages.

Homesley owns and operates a nursery and landscaping business in Forney, Texas.  Hernandez worked for Homesley from 1994 through 2011.  During the last three years of

Hernandez's employment, Homesley paid Hernandez at a rate of $14 per hour.  In addition, Homesley gave Hernandez at least one week of paid vacation during the last three years and paid sick leave each year.  It is undisputed that Homesley did not pay Hernandez time and a half for his overtime hours.

On September 17, 2012, Defendant moved for partial summary judgment on the sole issue of whether Hernandez can show that Homesley's alleged violation of the FLSA was "willful" within the meaning of the Act.  Defendant contends that Hernandez has not raised, and cannot raise, any evidence sufficient to support a finding of willfulness, and, therefore, Homesley's FLSA liability, if any, should be limited to the two-year time period immediately preceding the filing of this action. He makes this argument because the normal statute of limitations governing recovery of unpaid wages under the FLSA is two years; however, if a violation is willful, the statute of limitations is extended to three years.  29 U.S.C. § 255(a).  In response, Hernandez argues that Homesley is not entitled to summary judgment because he did not plead the issue of willfulness, which, Hernandez contends, is an affirmative defense and a genuine issue of material fact exists with regard to the elements necessary to establish the defense raised by Homesley.

## II.    Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of

**Memorandum Opinion and Order - Page 3**

evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also*

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832

(1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws

will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact

issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary

judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the

existence of an element essential to its case and on which it will bear the burden of proof at trial,

summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.   Discussion

As a threshold matter, before the court determines whether there is a genuine dispute of

material fact regarding Hernandez's claim of willfulness against Homesely, the court addresses the

issue of which party carries the burden to prove willfulness. Hernandez contends that, because

Homesley did not specifically plead that his actions were not willful or otherwise plead that the two-

year statute of limitations is applicable, Homeseley waived his "affirmative defense" of statute of

limitations. Homesley counters that he does not bear the burden of proving the issue of willfulness,

and that it is Hernandez's burden. The court agrees.

The FLSA mandates that "no employer shall employ any of his employees . . . for a

workweek longer than forty hours unless such employee receives compensation for his employment

in excess of the hours above specified at a rate not less than one and one-half times the regular rate

at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA provides a two-year statute of

limitations on claims for nonwillful violations of the statute; however, claims for willful violations

are governed by a three-year statute of limitations. 29 U.S.C. § 255(a). A violation under the FLSA

is "willful" if the employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (internal quotation marks and citation omitted). "Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). Thus, the burden of showing that an FLSA violation was "willful" falls on the plaintiffs. *See id*; *see also Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) ("The burden is on [Plaintiff] to prove that [the employer] made its initial salary decision in reckless disregard of the Act.").

Under Federal Rule of Civil Procedure 8(c), the statute of limitations is an affirmative defense and must be affirmatively stated in a party's responsive pleading. Homesley set forth an affirmative defense when he pleaded, "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation[s]." Def.'s Orig. Ans. ¶ 22. Although Homesley did not specify that he was asserting that Plaintiff's claims were limited to two years, the affirmative defense sufficiently puts Plaintiff on notice that Homesley was seeking a time limitation as to the period of time Plaintiff could assert his claims. Hernandez is seeking recovery of damages for three years in unpaid overtime compensation, plus an additional equal amount as liquidated damages under the Act, and the only way he can recover for three years is to prove a willful violation; therefore, it is his burden to prove that his employer acted willfully if he wants to recover damages for three years. *See Samson*, 242 F.3d at 636; *Cox*, 919 F.2d at 356.

Summary judgment on the issue of willfulness is appropriate if Plaintiff fails to introduce evidence sufficient to raise a genuine dispute of material fact regarding willfulness. Here, Plaintiff contends that Defendant must have had knowledge of the FLSA's overtime pay requirement because

he paid other employees overtime pay.  Plaintiff, however, has no personal knowledge of Defendant paying other employees overtime pay; he states in his deposition that his two brothers, Jorge and Francisco, told him that other employees were paid overtime.  Plaintiff did not submit an affidavit or declaration from Jorge, Francisco, or anyone else with personal knowledge of the facts he alleges in his response to Defendant's Motion for Partial Summary Judgment.  Thus, these statements are hearsay and do not fall within any recognized hearsay exception.  The court may not properly consider hearsay evidence in depositions in ruling on a motion for summary judgment.  *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (citation omitted).

Further, Homesley testified that he has never paid time and a half to any of his employees and that he was unaware of any legal requirement to do so.  The hearsay statements made in Hernandez's deposition are insufficient to dispute the testimony in Homesley's deposition and affidavit.  Therefore, the court accepts Defendant's version of the relevant facts as undisputed. Because the only "evidence" that Hernandez puts forth is not competent summary judgment evidence, and because Homesley's version of the facts has not been disputed, the court determines that no genuine dispute of material fact exists regarding Plaintiff's claim of willfulness. Accordingly, Defendant is entitled to judgment as a matter of law on this issue, and the court will grant Defendant's Motion for Partial Summary Judgment.  Therefore, the court holds that Hernandez's claim against Homesley for overtime pay in this action is governed by the two-year statute of limitations under the FLSA.  29 U.S.C. § 255(a).

## IV.    Conclusion

For the reasons herein stated, the court determines that no genuine dispute of material fact exists with respect to Hernandez's claim for willfulness against Homesley.  The court accordingly

**grants** Defendant's Motion for Partial Summary Judgment.  Plaintiff's claims for unpaid overtime compensation will be limited to the two-year time period immediately preceding the filing of this action, which is **June 13, 2009.**

      **It is so ordered** this 10th day of January, 2013.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 7**